**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristine Russell, | |
| Plaintiff, | No. CV-16-00284-PHX-PGR |
| vs. | |
| CVS Caremark Corporation, et al., | <u>ORDER</u> |
| Defendants. | |

Pending before the Court is Defendants' Rule 12(b)(6) Motion to Dismiss First Amended Complaint (Doc. 16).  Having considered the parties' memoranda, the Court finds that the motion to dismiss should be denied.[1]

<u>Background</u>

In a previous order (Doc.11), the Court dismissed plaintiff Kristine Russell's complaint with leave to amend on the ground that the state law claims raised therein were preempted by ERISA.

In her First Amended Complaint ("FAC") (Doc. 12), the plaintiff raises ERISA

---

[1]

The Court notes that it has discussed only those arguments raised by the parties that the Court deems necessary to its resolution of the motion to dismiss.

claims pursuant to 29 U.S.C. § 1132(a) against defendants CVS Caremark Corporation, CVS RX Services, Inc., and 401(k) Plan and the Employee Stock Ownership Plan of CVS Caremark Corporation and Affiliated Companies (collectively "CVS"); all of the plaintiff's claims arise from an allegedly improper distribution from her 401(k) Plan.

The plaintiff, a former CVS employee, alleges that in the first week of July 2015, she directed CVS to distribute $99,786.24 from her 401(k) Plan account to her bank account but that CVS erroneously caused her funds to be deposited in the wrong bank account, resulting in a loss of those funds.  She further alleges as follows: that upon discovery of the error on August 7, 2015, she contacted CVS by telephone and requested assistance in correcting the error; that she was advised by CVS' agents that such errors had occurred before and that this one would be corrected shortly; that she was later advised that CVS was looking into the error; that when the error was not corrected, that she again contacted CVS and asked for assistance in fulfilling any necessary requirements or procedures for correcting the error and recovering the distributed funds; that CVS' agents failed or refused to provide her with the requested information regarding procedures available under the 401(k) Plan for correcting the erroneous distribution or for recovering erroneously distributed funds, and that they ultimately advised her that they would no longer accept any communications from her; that despite her demand, CVS refused to return the distributed funds to her and it failed or refused to identify the person who received the funds distributed from the plaintiff's account; that due to CVS' failure and refusal to provide information, the plaintiff could not exercise any administrative remedies under the plan; and that the funds distributed from the plaintiff's account have not been returned or otherwise recovered.

1    The FAC, which does not contain any separate enumerated causes of action,

2    alleges that CVS (1) breached its fiduciary duties as the plan administrator, in

3    violation of 29 U.S.C. § 1109; (2) failed to discharge its duties with respect to the

4    plan in accordance with the documents and instruments governing the Plan, in

5    violation of 29 U.S.C. § 1104(a)(1)(D); (3) failed to discharge its duties with respect

6    to the Plan solely in the interest of the participants and beneficiaries and failed to do

7    so with the care, skill, prudence and diligence that a prudent person would have

8    used, in violation of 29 U.S.C. § 1104(a)(1)(A) and (B); and (4) failed to discharge

9    its duties of disclosure, in violation of 29 U.S.C. § 1133.  As a result of these alleged

10   ERISA violations, the plaintiff seeks to recover civil penalties pursuant to 29 U.S.C.

11   §1132(c)(1), as well as her costs and attorney's fees pursuant to 29 U.S.C. §

12   1132(g)(1).

13   Relevant Plan Provisions

14   The 401(k) Plan ("the Plan") (Exhibit A to CVS' motion) provides in relevant

15   part in Section 13.13, entitled *Claims and Appeals from Denial of Claims*, that

16   "[c]laims for benefits and inquires [sic] concerning the Plan shall be submitted to the

17   Administrative Subcommittee or its designated agent in writing."  The section also

18   provides that

19        the procedure for the resolution of claims for benefits arising under the
     Plan shall be as follows.  Any claim for benefits under the Plan shall
20        initially [sic] submitted in writing to the Administrative Subcommittee or
     its delegate in accordance with such procedures that may be
21        established from time to time by the Administrative Subcommittee.  If
     any such claim for benefits is wholly or partially denied, the claimant
22        shall be given notice in writing within a reasonable period of time after
     receipt of the claim by the Plan not to exceed 90 days after receipt of
23        the claim[.]

24   The section further provides that by the end of the 90-day period,

25        the claimant shall be given written notice of the decision with respect to
     such claim, which notice shall be written in a manner calculated to be
26

- 3 -

understood by the claimant setting forth the following information:
(a) the specific reasons for such denial,
(b) specific reference to pertinent Plan provisions on which the denial is based,
(c) a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material is necessary,
(d) an explanation of the Plan's claim review procedure, and
(e) a statement that the participant has the right to bring a civil action under Section 502(a) of the Employee Retirement Income Security Act of 1974, as amended.

The Summary Plan Description ("the SPD") (Exhibit B to CVS' motion) states in relevant part in its section entitled *Filing a Claim* that "[y]ou or your beneficiary may claim Plan benefits by filing a written request for such benefits, accompanied by a completed distribution form, with Human Resources."   Regarding CVS' duties regarding a denial of a claim, the SPD also states in part that:

If your claim for benefits is denied in full or in part, you will be notified in writing within 90 days after you file your claim. ...
Any notice of denial will state the reasons for the denial, the Plan provisions on which the denial is based, a description of any additional information or material required to perfect your claim, why such information is necessary, and the procedure you must follow to have the Administrative Subcommittee review your claim (including a statement that you have the right to bring a civil action following the adverse determination or review.)

Regarding CVS' review procedure, the SPD further provides in part that:

If your claim is denied, you or your beneficiary may write to the Administrative Subcommittee for a review of the claim.  You must request the review within 60 days after your claim is denied. ...
As part of the review procedure, you or your beneficiary must be allowed to: See the Plan document and other papers that affect your claim[.] ...

The SPD also provides, in the *Enforce Your Rights* portion of the section entitled *Your Rights Under ERISA*, that "[i]f your claim for a benefit is denied or ignored, in whole or in part, you have the right to know why this was done, to obtain copies of documents relating to the decision without charge and to appeal any denial, all within

1    certain time limits."

2    Discussion

3         CVS seeks the dismissal of the entirety of the FAC pursuant to Fed.R.Civ.P.

4    12(b)(6) on two grounds: first, because the plaintiff has failed to plead that she has

5    exhausted the administrative remedies available to her under the Plan as required

6    by ERISA; and second, because she has further failed to allege facts sufficient to

7    demonstrate that any exception to the exhaustion requirement applies to her.  The

8    Court concludes that only the first of these issues needs to be resolved at this time.

9         Although ERISA does not contain a statutory requirement that a plan

10   participant must exhaust administrative remedies before bringing an ERISA action,

11   the Ninth Circuit has adopted a prudential exhaustion requirement, Bilyeu v. Morgan

12   Stanley Long Term Disability Plan, 683 F.3d 1083, 1088 (9th Cir.2012), which as a

13   matter of sound policy, the federal courts should "usually" enforce.  Amato v.

14   Bernard, 618 F.2d 559, 568 (9th Cir.1980).  Pursuant to this requirement, an ERISA

15   claimant such as the plaintiff, absent the applicability of a recognized exception to

16   the exhaustion rule, must avail herself of the Plan's own internal review procedures

17   before bringing an ERISA action.  Diaz v. United Agricultural Employee Welfare

18   Benefit Plan and Trust, 50 F.3d 1478, 1483 (9th Cir.1995).

19        As the plaintiff notes in her response, the Ninth Circuit has previously treated

20   a motion to dismiss an ERISA denial-of-benefits claim for failure to exhaust

21   administrative remedies as an unenumerated motion to dismiss, which permitted

22   courts to resolve disputed factual issues raised through extrinsic evidence.  See

23   Bilyeu, 683 F.3d at 1088 ("Consistent with circuit practice addressing exhaustion, we

24   construe Unum's [Rule 12(b)(6)] motion as an unenumerated motion to dismiss.  In

25   addressing that motion, a court may look beyond the pleadings and decide disputed

26

1    issues of fact.") But as CVS notes in its reply, subsequent Ninth Circuit case law has

2    cast doubt on the continued validity of that proposition. *See* Albino v. Baca, 747 F.3d

3    1162, 1166 (9th Cir.2014) (*en banc*).  In Albino, which involved the failure to exhaust

4    administrative remedies under the Prison Litigation Reform Act, the Ninth Circuit

5    overruled earlier precedent that had held that the failure to exhaust under that

6    statute should be raised by a defendant as an unenumerated Rule 12(b) motion.

7    The Ninth Circuit concluded that

8    a failure to exhaust is more appropriately handled under
     the framework of the existing rules than under an
9    "unenumerated" (that is, non-existent) rule. Failure to
     exhaust under the PLRA is an affirmative defense that the
10   defendant must plead and prove. In the rare event that a
     failure to exhaust is clear on the face of the complaint, a
11   defendant may move for dismissal under Rule 12(b)(6).
     Otherwise, defendants must produce evidence proving a
12   failure to exhaust in order to carry their burden. If
     undisputed evidence viewed in the light most favorable to
13   the prisoner shows a failure to exhaust, a defendant is
     entitled to summary judgment under Rule 56. If material
14   facts are disputed, summary judgment should be denied[.]

15   747 F.3d at 1162 (internal citations and some quotation marks omitted).  The Court

16   agrees with those courts that have ruled that the Albino *en banc* court implicitly

17   overruled prior cases such as Bilyeu and that motions to dismiss based on a failure

18   to exhaust in the ERISA context must be treated as ordinary Rule 12(b)(6) motions

19   in which disputed issues of fact cannot be resolved and all reasonable inferences

20   must be drawn in the plaintiff's favor. *See e.g.*, Norris v. Mazzola, 2016 WL 1588345,

21   at *6 (N.D.Calif. April 20, 2016).  The Court consequently deems ERISA-related

22   exhaustion to be an affirmative defense and will not treat the defendant's motion as

23   an unenumerated one, nor will it consider the plaintiff's declaration attached to her

24   response or the declaration of Roberta Johnnene or the other submitted extraneous

25   evidence submitted by CVS in its reply, with the exception of the Plan and the SPD

26

submitted by CVS since they were incorporated by reference in the FAC and their authenticity has not been questioned. *See* Parrino v. FHP, Inc., 146 F.3d 699, 705-706 (9th Cir.1998).

Having determined that exhaustion of administrative remedies is an affirmative defense, the Court rejects CVS' underlying contention that the plaintiff has to plead exhaustion in her FAC. *See* Rivera v. Peri & Sons Farms, Inc., 735 F.3d 892, 902 (9th Cir.2013) (Court noted that plaintiffs "ordinarily need not plead on the subject of an anticipated affirmative defense.") (internal quotation marks omitted). That being the case, the Court cannot grant the motion to dismiss unless CVS has established that the elements of its exhaustion defense are obvious from the face of the FAC, *id.*, and the Court cannot come to that conclusion here.

The gist of CVS' argument is that the plaintiff's claims must be dismissed under the exhaustion requirement because she never made any written contact with CVS regarding the circumstances alleged in the FAC. The Court is unpersuaded. First, under ERISA, "a claim for benefits is a request for a plan benefit or benefits made by a claimant in accordance with a plan's reasonable procedure for filing benefit claims." 29 C.F.R. § 2560.503-1(e). The Plan provides that "[a]ny claim for benefits under the Plan shall initially [be] submitted in writing[,]" and the SPD provides that a plan participant or beneficiary "may claim Plan benefits by filing a written request for such benefits, accompanied by a completed distribution form[.]" The Court considers it to be undisputed that the plaintiff complied with these directives by submitting the required written form to CVS requesting the distribution of her 401(k) Plan benefits.[2] Furthermore, to the extent that CVS is contending that

---

[2]

As CVS states in its reply, "Plaintiff actually directed the request for distribution on June 29, 2015, when she made a request for a final distribution from

the plaintiff's initial written claim for benefits does not suffice because she did not follow up with a further written request when her claimed benefits did not show up in her bank account, it is not clear that the Plan documents require that such a post-claim, pre-decision follow-up be in writing. The fact that the Plan, but not the SPD, does state, without elaboration, that "inquir[i]es concerning the Plan" must be in writing does not make this issue any less ambiguous since the plaintiff was not making some general inquiry about the Plan but was attempting to get CVS to rectify the situation regarding her previously submitted written request for the distribution of her funds.  Since "ERISA is remedial legislation that should be construed liberally to protect participants in employee benefit plans[,]") LeGras v. Aetna Life Ins. Co., 786 F.3d 1233, 1236 (9th Cir.2015) (internal quotation marks and brackets omitted), the Court "must construe ambiguities in an ERISA plan against the drafter and in favor of the insured." Barnes v. Independent Automobile Dealers Ass'n of Calif. Health and Benefit Plan, 64 F.3d 1389, 1393 (9th Cir.1995).  So construing the requirements of the Plan and SPD, the Court cannot conclude that it is evident from the face of the FAC that the plaintiff failed to properly file a written request for her benefits.

Second, CVS' related contention that the Plan's internal review procedure was never completed by the plaintiff because she did not seek in writing to have CVS' decision, which in effect denied her claim for benefits, further internally reviewed does not suffice to require dismissal of the FAC on failure to exhaust grounds. Federal law, as recognized by the provisions of both the Plan and the SPD, requires CVS to follow certain written notification procedures once a claim is denied in whole or in part in order to assist a claimant in requesting a review of the denial. 29 C.F.R.

---

her Future Fund account by using the online form available via the Plan Portal."

§ 2560.503-1(f) and (g); *see also*, <u>Booten v. Lockheed Medical Benefit Plan</u>, 110 F.3d 1461, 1463 (9th Cir.1997) ("In simple English, what this regulation [§ 2560.503-1(f)] calls for is a meaningful dialogue between ERISA plan administrators and their beneficiaries.") The Court construes CVS' post-claim refusal, as alleged in the FAC, to provide the plaintiff's funds to her to be a sufficiently pleaded adverse benefit determination that triggered CVS' obligations to notify the plaintiff in writing of its benefit decision, the basis for it, and the procedures the plaintiff had to follow to have CVS review its decision. *See* 29 C.F.R. § 2560.503-1(m)(4) ("The term 'adverse benefit determination' means any of the following: ... a failure to provide or make payment (in whole or in part) for, a benefit[.]" The Plan's requirement for a written request by a claimant for a review of a denial of a claim only comes into play after CVS has provided the claimant with a properly documented written denial of the claim, and the FAC sufficiently alleges that CVS did not follow the required procedures after denying the plaintiff's claim. *See* <u>Bilyeu v. Morgan Stanley Long Term Disability Plan</u>, 683 F.3d at 1088-1089 (Court, citing to 29 C.F.R. § 2560.503-1(l), noted that "when an employee benefits plan fails to ... follow reasonable claims procedures consistent with the requirements of ERISA, a claimant need not exhaust because his claims will be deemed exhausted.")

In summary, the Court, drawing all reasonable inferences in the plaintiff's favor, concludes that dismissal of this action for failure to exhaust is not appropriate at this pleading stage because CVS has not established that non-exhaustion is

/ / /

/ / /

/ / /

/ / /

obvious from the face of the FAC.  Therefore,

IT IS ORDERED that Defendants' Rule 12(b)(6) Motion to Dismiss First Amended Complaint (Doc. 16) is denied.

DATED this 23rd day of March, 2017.

Paul G. Rosenblatt
United States District Judge

- 10 -